**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 10 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

Name (under which you were convicted): **Yitzhak Abba Marta**

Docket or Case No.:

Place of Confinement: **Arkansas Department of Correction**

Prisoner No.: **#102554**

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

**Yitzhak Abba Marta**  v.  **Larry Norris**

The Attorney General of the State of

5:08CV00171 JMM/HLJ

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Washington County Circut Court Fayetteville Arkansas**

    (b) Criminal docket or case number (if you know): **CR-1996-1739**

2. (a) Date of the judgment of conviction (if you know): **July 11, 1997**

    (b) date of sentence: **July 11, 1997**

3. Length of sentencing: **Life with out Parole**

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: **one count CAPITAL MURDER**

This case assigned to District Judge **Moody**
and to Magistrate Judge _____

6. (a) What was you plea? (Check one)
    - (1) Not guilty ☒
    - (2) Guilty ☐
    - (3) Nolo contendere (no contest) ☐
    - (4) Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (check one)

Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Arkansas Supreme Court__

(b) Docket or case number (if you know): __CR 98-105__

(c) Result: __Affirmed Lower Court Judgment of Conviction.__

(d) Date of result (if you know): __1-14-1999__

(e) Citation to the case (if you know): __Marta V. State, 336 Ark 67, 983 Sw.2d 924 (1999)__

(f) Grounds raised: _____

_____

_____

(g) Did you seek further review by a higher state court?   Yes ☐   No ☑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): __N/A__

(3) Result: __N/A__

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: __N/A__

(h) Did you file a petition of certiorari in the United States Supreme Court?   Yes ☐   No ☑

If yes, answer the following:

(1) Docket or case number (if you know)): _____

(2) Result: _____

(3) Date of result (if you know): _____ N/A

(4) Citation to the case (if you know): _____ N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: 100 E. Barraque St. Pine Bluff AR 71601
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: State Habeas Petition
        (5) Grounds raised: Petitioner was Left restrained all 3 days of his Jury trail, by Judge William A. Story Bar I.D. #68083 for no reason.

        Denest D. Hyslip Counsel For Petitioner Bar ID. 77068 Failed to bring this issue before the courts, even the Arkansas Supreme Court, even after Petitioner Asked Counsel to do so.

        (6) Did you receive a hearing where evidence was given on you petition, application, or motion?  Yes ☐  No ☒
        (7) Result: State Habeas Petition Denied
        (8) Date or result (if you know): _____
    (b) If you filed any second petition, application, or motion, give the same information:
        (1) Name of court: 100 E. Barraque St. Pine Bluff AR 71601
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____ N/A
        (4) Nature of the proceeding: _____ N/A
        (5) Grounds raised: _____ N/A

_____ N/A _____

(6) Did you receive a hearing where evidence was given on you petition, application, or motion?     Yes ☐  No ☑

(7) Result: _____

(8) Date or result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____ N/A _____

(6) Did you receive a hearing where evidence was given on you petition, application, or motion?     Yes ☐  No ☑

(7) Result: _____

(8) Date or result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First Petition:    Yes ☐   No ☑

   (2) Second Petition    Yes ☐   No ☑   N/A

   (3) Third Petitioner    Yes ☐   No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) you available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Judicial error by Judge

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
Trail Judge William A. Story Bar ID # 68063 allowed Petitioner to be left restrained with leg shackles, hand cuffs, and belly Chain while the voirdire and seating of the Jury was conducted and continued the restraint of Petitioner during the entire trial Proceeding with out properly instructing the Jury on the reasons for such restraints.

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitioner was told by Counsel Denest D. Hyslip Bar ID # 22068 that ther wher no more remedies to follow and that it was over with regards to Petitioner case.

(c) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☒
  (2) If you did not raise this issue in your direct appeal, explain why: Counsel Denest D. Hyslip failed to bring this issue before the Supreme Court of Arkansas even after Petitioner requested counsel to do so.

(d) Post-Conviction proceedings:
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒   No ☐
  (2) If you answer to Question (d) (1) is "Yes," state:
  Type of motion or petition: State Habeas Corpus petition
  Name and location of the court where the motion or petition was filed: 100 E. Barraque St. Pine Bluff Arkansas 71601. # Phone 870-541-5304

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on you motion or petition:

☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?

☐ Yes  ☒ No

(5) If you answer to Question (d)(4) is "Yes," state:

☐ Yes  ☒ No

(6) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): N/A

7. If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: Petitioner was denied the affective assistance of Counsel Denest D. Hyslip Bar ID. # 77068 for his defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Counsel failed to preserve for appellete review that Petitioner was Shackled & restrained in the presence of the Jury with Leg shackles, belly chains, & handcuffs during these trial proceedings. Counsel made no objections to the restraints nor did he seek a curative instruction from the court to the Jury to explain why such restraints were used on Petitioner during all 3 days of trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Petitioner was told by counsel Deniest D. Hyslip Bar ID. #99068 that ther wher no more remedies to follow and that it was over with regards to Petitioner case._

(c) Direct Appeal of Ground Two:

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐   No ☑

  (2) If you did not raise this issue in your direct appeal, explain why: _Deniest D. Hyslip Counsel for Petitioner sade I have no more issues and that the case was over._

(d) Post-Conviction proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  Yes ☑   No ☐

  (2) If you answer to Question (d) (1) is "Yes," state:

  Type of motion or petition: _State Habeas Corpus petition_

  Name and location of the court where the motion or petition was filed: _100 E. Barraque St. Pine Bluff, Arkansas 71601. # Phone 870-541-5304_

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _State does not Remedy Court errors is what they sade._

  (3) Did you receive a hearing on you motion or petition:

  Yes ☐   No ☑

  (4) Did you appeal from the denial of your motion or petition?

  Yes ☐   No ☑

  (5) If you answer to Question (d)(4) is "Yes," state:

  Yes ☐   No ☐

  (6) If you answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): ___ N/A ___

7. If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

GROUND THREE: _Judicial error by Deputy Prosecutor Bruce Rhoades Bar ID #88156_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
Prosecutor withheld evidence in my trial that could have kept me from being convicted. He concealed evidence by having Kevin Wages #36396 Idaho State Correctional unit 16 Boise, Idaho 83707 Po Box 14 a witness who could have testify at my innocence moved out of state after he interviewed Petitioner's witness at the Washington County Jail in 1997 before Petitioner's trial, as well as another witness Mr. Howard Leach.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _Newly Discover'd evidence made by Mr. Don Dunn of Dunn's Investigations (Ret.) Private Investigator, for Petitioner. Contact at 212 Valley View Church Rd Harrison, AR 72601 #Ph 870-391-5696_

(c) Direct Appeal of Ground Three:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why: _Newly Discover'd evidence_

(d) Post-Conviction proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐   No ☑

    (2) If you answer to Question (d) (1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on you motion or petition:

    Yes ☐   No ☑

    (4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☑  N/A

    (5) If you answer to Question (d)(4) is "Yes," state:

    Yes ☐   No ☑

    (6) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A

7. If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Newly Discoverd evidence made by Mr. Don Dunn Private investigator._

_# Phone At 870-391-3696_

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____ N/A

GROUND FOUR: Judicial error by Deputy Prosecutor Bruce Rhoades Bar ID.# 88156

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

He interfered with my defense preparation by stoping and attempting to intimidate my Private investigator. he wrote a letter to the sheriff of Washington County asking that my Investigator be barred from the Jail or talking with any of Petitioner's witnesses. Prosecutor also coerced Petitioner's wife into testifing to facts not true & threatened to place her at the Scene of the crime if she did not cooperate with him.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Newly Discovered evidence made by Dunn's Investigations mr. Don Dunn (Ret) Private Investigator for Petitioner. Contuck at 212 Valley View church. Rd Harrison, AR 72601 #Ph 870-391-3656

(c) Direct Appeal of Ground Four:

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☑

  (2) If you did not raise this issue in your direct appeal, explain why: Newly Discovered evidence.

(d) Post-Conviction proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐   No ☑

  (2) If you answer to Question (d) (1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A
    Date of the court's decision: N/A
    Result (attach a copy of the court's opinion or order, if available): N/A

  (3) Did you receive a hearing on you motion or petition:
    Yes ☐   No ☑

  (4) Did you appeal from the denial of your motion or petition?
    Yes ☐   No ☑

(5) If you answer to Question (d)(4) is "Yes," state:
   Yes ☐   No ☒

(6) If you answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____ N/A
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

7. If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ N/A

13. Please answer these additional questions about the petition you are filing:
   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☐   No ☒
   If you answer is "No," state which grounds have not been so presented and give your Reason(s) for not presenting them: __Ground 3 & 4 Newly Discovered evidence.__
   \* Reasons, Counsel for Petitioner said it would not do me any good to Persue this matter with any court
   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __Ground 3 & 4__   N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result of each petition, application, or motion, filed. Attach a copy of any court opinion or order, if available. _____

_____

_____ N/A _____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____ N/A _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Attorney Denest D. Hyslip BAR.ID 77068

(b) At arraignment and plea: _____ 280 North College Fayetteville AR. 72701.

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, Vie name and location of court that imposed the other sentence you will serve in the future: ____N/A____

(b) Give the date the other sentence was imposed: ____

(c) Give the length of the other sentence: ____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes   (No)

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2254(d) does not bar you petition.* Petitioner is a mexican citizen that has for many years been Mislead, and lied to by counsel Devest D. Hyslip Bar.ID 22068 in that ther was no more Issues to fight and that my case was over with, and that I was going to Die in prison.

Ther was and still is currently an ongoing Investigation into the Actual Innocense of Petitioner in this case by Dunns Investigations Mc Don. Dunn a Private Investigator for Petitioner Please Contact at

212 Valley View Church Rd Harrison Arkansas 72601. Phone # 870-291-3696

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") AS CONTAINED IN 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(continued...)

Therefore, petitioner asks that the Court grant the following relief: **reverse and remand for a new trail, or be set free.**

----

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true an correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **5-8-08** (month, date, year).

Executed (signed) on **5-8-08** (date).

_____
Signature of Petitioner

----

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C0 the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made Retroactively applicable to cases on collateral review: or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____