IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

YITZHAK ABBA MARTA                                                              PETITIONER

vs.                           Case No. 5:08CV00171 JMM-HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                               RESPONDENT

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Comes respondent, Larry Norris, by and through counsel, and for his Response to Petition for Writ of Habeas Corpus, states:

Petitioner Marta is a state prisoner who currently is serving a term of life imprisonment without parole for capital murder.[1] *Marta v. State,* 336 Ark. 67, 983 S.W.2d 924 (1999). His conviction was affirmed on January 14, 1999. For purposes of 28 U.S.C. § 2244(d)(1)(A), the conviction became final on April 14, 1999, upon the expiration of time for seeking certiorari on direct review. *See Lawrence v. Florida,* 127 S.Ct. 1079, 1084 (Feb. 20, 2007) (stating § 2244(d)(1)(A) "refers to the 'time for seeking' direct review, which includes review by this Court"); Sup. Ct. R. 13.3 (90day time period for petitioning Supreme Court for review on certiorari runs from date of decision in state's highest court in the event rehearing was not sought).

Marta did not file a state post-conviction petition for collateral review pursuant to Rule 37 of the ARKANSAS RULES OF CRIMINAL PROCEDURE. Additionally, he concedes that he did not properly exhaust any of his four grounds for relief by presenting them in a

---

[1] A transcript of the trial proceedings is on file in the office of the Clerk of the Arkansas Supreme Court and will be submitted if this Court deems it necessary to the disposition of this case.

properly filed state court proceeding. Petition (Document 1), at 5, 7, 11. He contends that the reason he did not do so is because his trial counsel told him, at some point in time that is not specified in the petition, either "that ther[e] w[ere] no more remedies . . . and that it was over with regard[ ] to [his] case" or that he simply had "no more issues and that [his] case was over" or else that "it would not do [him] any good to p[u]rsue this matter with any court[.]" Petition (Document 1), at 5, 7, 11.

        Nevertheless, on May 23, 2005, Marta filed a pro se petition in state court seeking the extraordinary remedy of habeas corpus. In that petition, he simply asserted that it was error for the court to have tried him while in restraints. A letter also was attached to the petition, although its contents did not comprise any of the allegations in the petition. The letter purported to have been written by the man who served as Marta's investigator in preparation for trial, Don Dunn. The letter asserted that the prosecutor had been disreputable in that he threatened Marta's wife with prosecution if she did not testify, attempted to ban Dunn from the jail, attempted to force him to disclose the contents of his investigation, and threatened Dunn with bodily harm. The letter also asserted Dunn's apparent belief that Marta was innocent of murder, this conclusion based largely upon Dunn's apparent frustration with the prosecutor and upon Dunn's belief that there was no proof Marta was present when the murder occurred. (That issue was settled by the trial, of course, and the jury found to the contrary. Indeed, both circumstantial and direct evidence indicated that Marta was present and participated in the murder.) In an order entered of record on June 28, 2005, the circuit court denied Marta's petition for extraordinary relief after determining that its allegations did not fall within the exceedingly narrow ambit of that remedy. Marta did not appeal.

Marta then waited almost three years to file the petition that is pending in this Court. The petition is not timely. The one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1) began to run no later than April 14, 1999, when Marta's conviction became final by the conclusion of direct review. Marta had no more than one year from that date – that is, he had until April 14, 2000 – to file his federal habeas corpus petition. He did not do so.

Marta has taken the opportunity in his petition to explain why he did not exhaust his pending issues in state court and also why his petition is not time barred. He simply explained that: 1) his trial counsel caused him to believe he had no additional remedies to pursue apparently beyond trial or direct appeal and 2) his investigator, Don Dunn, provided newly discovered evidence that the prosecuting attorney engaged in misconduct by intimidating Dunn, attempting to have him banned from the jail to talk to with Marta's witnesses there, and by threatening Marta's wife with prosecution if she did not testify untruthfully against Marta, and 3) that Dunn is investigating Marta's alleged innocence. Petition (Document No. 1), at 8-11, 18. To be sure, Marta's petition is time barred and its grounds are procedurally defaulted under the adequate and independent state ground doctrine, and Marta's explanations are not sufficient to excuse these procedural bars to review.

With respect to the statute of limitation created by AEDPA, Congress accounted for traditional equitable tolling principles in the statute, itself, by expressly providing that, in addition to running from the finality of judgment, the limitation period could run from the latest of three additional events that may occur after the judgment becomes final – specifically, events limited to previously unknown facts, recent changes in the law, or

the removal of a state-created impediment to filing.[2]  28 U.S.C. § 2244(d)(1)(A)-(D). Marta's above-noted explanations do not substantively fall within the scope of these tolling provisions.

Specifically regarding trial counsel's alleged misadvice about whether Marta possessed additional remedies following trial or direct appeal, it does not constitute a ground for the equitable tolling codified in § 2244(d)(1) for two reasons.  First, while constitutionally ineffective assistance of trial counsel or appellate counsel conceivably could qualify for tolling under the terms of § 2244(d)(1)(B), trial counsel's alleged misadvice about the availability of other issues or collateral remedies does not constitute constitutionally ineffective assistance or a constitutional violation of any sort as required by 2244(d)(1)(B).  *Cf. Morris v. Norris,* 83 F.3d 268 (8th Cir. 1996)(trial and appellate counsel have no constitutional obligations with respect to advice on post-conviction matters, even where the deadline for filing such matters overlaps with appeal, and, thus, counsel cannot be the source of cause for default connected to such matters); *Fuller v. Bowersox,* 202 F.3d 1053 (8th Cir. 2000)(same), *cert. denied sub nom. Fuller v. Luebbers,* 121 S.Ct. 489 (2000).  As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state or federal procedural rules in such instances.

Second, nor was counsel's alleged misadvice an impediment that actually prevented Marta from filing his federal application on time, as is evidenced by the fact

---

[2] With minor variations that are not applicable here, similar events may serve as cause to excuse a procedural default under the adequate and independent ground doctrine. For the same reasons that Marta's excuses do not excuse his time bar, they also do not provide cause for his independent procedural defaults.

that, despite counsel's purported advice that no remedies remained, Marta took legal action by filing a collateral state habeas petition but then waited another three years after that to file his federal habeas petition.  Even if one assumes that counsel's purported misadvice about the availability of remedies discouraged Marta from filing anything until he actually filed his state habeas action, it is Marta alone who, once he obviously realized that he could take collateral action, then failed to avail himself of the federal habeas action for three additional years.

Regarding Marta's second contention – that his investigator provided newly discovered evidence that the prosecuting attorney engaged in misconduct by intimidating Dunn, attempting to have him banned from the jail to talk to with potential witnesses, and by threatening Marta's wife with prosecution if she did not testify against Marta – the contention does not provide a ground for tolling the limitation period under § 2244(d)(1). While newly discovered evidence can warrant tolling under § 2244(d)(1)(D), it will do so only until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  According to Dunn's purported letter, he knew of the prosecuting attorney's alleged misconduct while he was investigating in preparation for trial.  Marta, moreover, evidences that he personally knew of this alleged misconduct no later than 2005, when he attached the Dunn letter to his state habeas corpus petition.  As a result, it is clear that Marta did not exercise due diligence with respect to the allegedly newly discovered evidence, and the limitation period, therefore, cannot be tolled on the basis of it.

Finally, with regard to Marta's allegation that Dunn is still investigating his innocence, neither an investigation of one's innocence nor even an actual assertion that

one is innocent constitutes a ground for tolling of the limitation period. Indeed, the Supreme Court has not decided that the doctrine of equitable tolling has independent application in the context of § 2244(d) at all. *E.g., Lawrence v. Florida,* ___ U.S. ___, ___, 127 S.Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 418 n.8 (2005). The Eighth Circuit has merely determined that the doctrine of equitable tolling has general relevance simply because § 2244(d)(1) creates a limitation period rather than a jurisdictional condition. *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000)(relying on § 2255 case of *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999) and reasoning that, because the limitation period is not jurisdictional, equitable tolling, "if applicable, may apply" in § 2254 proceedings), *cert. denied sub nom. Kreutzer v. Luebbers,* 534 U.S. 863 (2001).

These panel decisions, however, did not go beyond the general relevance of equitable tolling and did not involve any question about whether the doctrine of equitable tolling is in fact embodied in § 2244(d)(1)(B),(C), and (D), so these decisions do not preclude such a reading of the statute. As previously mentioned, Congress already accounted for traditional equitable tolling principles – specifically those involving previously unknown facts or recent changes in the law or state-created impediments – when it expressly provided that the limitation period would run from the latest of three events that may occur after a judgment becomes final. Regardless of the "limitation" versus "jurisdictional" distinction drawn in *Moore* and *Kreutzer*, where principles of equitable tolling are incorporated into the express terms of a statutory limitation period, the doctrine of equitable tolling, as an independent matter, will be deemed redundant to, and fundamentally inconsistent with, the statute and, hence, inapplicable in addition to it.

6

*Lampf v. Gilbertson,* 501 U.S. 350, 363 (1991).  *United States v. Beggerly,* 524 U.S. 38, 48 (1998)("Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute.").

The applicability of the doctrine of equitable tolling *in addition to* § 2244(d)(1)(B), (C), or (D) is doubtful because the determination under these subsections necessarily resolves the well established equitable tolling inquiry.  "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* 127 S.Ct. at 1085 (quoting *Pace v. DiGuglielmo,* 544 U.S. at 418).  Thus, the fact that none of Marta's claim satisfy (d)(1)(D), for example – that is, the fact that the factual predicate of these claims was available to him more than a year before he filed his petition, had he acted with diligence – also negates the equitable tolling requirement that he show his delay in filing was not attributable to his own action or inaction and that some extraordinary impediment prevented earlier filing.  *See, e.g., United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006)(noting the general rule that equitable tolling requires a showing that extraordinary circumstances beyond the petitioner's control caused his delay in filing), *cert. denied,* 547 U.S. 1172 (2006).  Because subsection (d)(1) already incorporates the doctrine of equitable tolling, the doctrine simply has no purchase independent of, or in addition to, the statute.  If Marta was too dilatory for purposes of subsection (d)(1), he also was too dilatory for purposes of any additional equitable tolling.

And to be sure, actual innocence is not a proper consideration for applying the doctrine of equitable tolling in any event.  *E.g., Cross-Bey v. Gammon,* 322 F.3d 1012,

1015 (8th Cir. 2003), *cert. denied,* 540 U.S. 971 (2003).  After all, the doctrine is an equitable one that relieves a petitioner from the running of a limitation period where an extraordinary circumstance, not attributable to the petitioner, prevented him from meeting the time limitation.  It, therefore, requires that a petitioner not be responsible for the delay, and it also requires a nexus between the extraordinary, disabling circumstance and the petitioner's inability to meet the timeliness requirement.  *See United States v. Hernandez,* 436 U.S. at 858.  That a petitioner may be actually innocent of an offense, however, ordinarily bears no nexus to his inability to satisfy a limitation period and, thus, has no place in the equitable tolling inquiry.  *See Flanders,* 299 F.3d at 977.

       As an exception to procedural default, moreover, even a gateway claim of actual innocence must be brought with diligence.  To establish actual innocence in the ordinary sense, a habeas petitioner must: 1) present new reliable evidence that was neither available at trial nor discoverable through the exercise of due diligence, and 2) show that, in light of that evidence, it is more likely than not that no reasonable juror would have convicted him.  *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997) (*en banc*), *cert. denied,* 523 U.S. 1123 (1998).  Evidence is considered new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.  *E.g., id.*  Inasmuch as this exception requires the exercise of due diligence in order to excuse an ordinary procedural default, it would require no less were it applicable to a time bar independent of § 2244(d)(1).  *See Flanders,* 299 F.3d at 978.  Marta's obvious lack of diligence, therefore, would foreclose his reliance on innocence to excuse the limitation bar in any event, and it forecloses his reliance on innocence to excuse his independent procedural defaults as well.  Marta's petition plainly is time barred, and his

n/a
n/a
n/a
n/a

claims, moreover, are further barred from review by the adequate and independent state ground doctrine.

WHEREFORE, the respondent prays that the Court deny Marta's petition for a writ of habeas corpus without a hearing pursuant to Rule 8(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Respectfully submitted:

OFFICE OF THE ATTORNEY GENERAL
323 Center Street, SUITE 200
Little Rock, AR  72201
(501) 682-2007


By:  /s/ Kelly K. Hill
Kelly K. Hill
Attorney for Respondent
Ark. Bar No. 89-154


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using the CM/ECF system on this 25th day of July, 2008, and that the petitioner, who is proceeding pro so, likely will not be served by that system.  Thus I hereby further certify that I served the foregoing on Mr. Yitzhak Marta, A.D.C. No. 102554, by first-class mail, postage pre-paid, at Arkansas Department of Correction, Maximum Security Unit, 2501 State Farm Road, Tucker, AR 72168 on this 25th day of July 2008.

 /s/ Kelly K. Hill
Kelly K. Hill

9

Index of Attachments

Attachment 1   Marta's Brief and Reply Brief on Direct Appeal (Argument Portions Only)

Attachment 2   The State's Brief on Direct Appeal

Attachment 3   The Arkansas Supreme Court's Opinion on Direct Appeal

Attachment 4   Marta's State Habeas Corpus Petition

Attachment 5   Circuit Court Order Dismissing Marta's State Habeas Corpus Petition