```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION
```

YITZHAK ABBA MARTA                                          PETITIONER

vs.                    Civil Case No. 5:08CV00171 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Yitzhak Abba Marta, an inmate of the Arkansas Department of Correction.  Petitioner was sentenced on July 11, 1997, to life imprisonment without parole following his conviction on the charge of capital murder.  The Arkansas Supreme Court affirmed his conviction on April 14, 1999.  <u>Marta v. State</u>, 336 Ark. 67 (1999).  He did not seek post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On May 23, 2005, he filed a pro se petition for state habeas corpus relief, which the circuit court denied on June 28, 2005. Petitioner did not appeal. On June 19, 2008, he filed the present petition, in which he raises the following claims for relief:

> 1. The trial court allowed him to be restrained with leg shackles, hand cuffs and a belly chain throughout the state court proceeding and did not instruct the jury as to the reason for the restraints;
>
> 2. Counsel was ineffective in that he did not object to the restraints or seek an explanatory jury instruction, thereby preserving the issue for review;
>
> 3. The prosecutor concealed exculpatory evidence by having a fellow jail inmate, Kevin Wages, who could have testified to Petitioner's innocence, moved out of state in order to prevent him from testifying at trial;
>
> 4. The prosecutor interfered in the preparation of the defense by attempting to intimidate Petitioner's private investigator and barring him from the jail and from talking to defense witnesses and
>
> 5. The prosecutor intimidated Petitioner's wife and forced her to provide false testimony against him at trial.

Respondent contends Petitioner's claims are procedurally barred and that the petition is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner, who states he is a Mexican citizen, contends his trial attorney led him to believe he had no state remedies available to him after his direct appeal. He also states there is an ongoing investigation being conducted by Mr. Don Dunn of Dunn Investigations, and he contends grounds three, four and five are based on new evidence discovered by Mr. Dunn. However, the record reflects Petitioner knew of the bases for grounds three, four and five as early as January 25, 2005, as evidenced by a letter from Mr. Dunn that Petitioner submitted to the state court in support of his state habeas petition, although he did not raise grounds three, four or five in that petition (see attachment to Respondent's Exhibit 4).

In the letter, Mr. Dunn refers to the prosecutor's alleged intimidation of Petitioner's wife, exculpatory statements by Petitioner's co-defendant overheard by other prisoners and alleged attempts by the prosecutor to intimidate Mr. Dunn and interfere with his investigation. Also, in his reply to the Response (DE #11, p. 2), Petitioner states his trial attorney knew "what the deputy [p]rosecutor had done to my witness...." Because Petitioner and his trial attorney were aware of the factual predicates of the claims at least as early as January of 2005, the time for filing his federal habeas petition expired one year later, in January of 2006. Petitioner has not explained why he waited until June of 2008 to seek federal habeas relief. Because his conviction became final in 1999 and the factual bases for grounds three, four and five were available in 2005, I find this petition is untimely and the court may not consider Petitioner's claims.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 18th day of February, 2009.

                                                      */s/ Henry L. Jones, Jr.*
                                                  United States Magistrate Judge